**TRISTIN MIDDLETON**                                                                   **PLAINTIFF**

**v.**

**TAMMY BREEDING**                                                                      **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Tristin Middleton filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the complaint upon initial screening.

**I.**

Plaintiff is a convicted inmate at the Larue County Detention Center (LCDC). He sues LCDC Deputy Tammy Breeding in her individual capacity. As his statement of the claim, Plaintiff states, *in toto*, "On or about 5-141-18. I Tristin Middleton was shoved in the sholder and banged into the wall by one deputy Mrs. Breeding who used her shoulder to assault me. This is all on camera and was recorded here at the jail."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes Plaintiff's claim as a claim alleging cruel and unusual punishment in violation of the Eighth Amendment. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute, courts have required that a prisoner have suffered an injury that is more than *de minimis*; injuries that are merely *de minimis* do not satisfy the requirement of § 1997e(e). *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Plaintiff alleges that Defendant used her shoulder to bang him into a wall. However, he does not allege that the act caused him a physical injury or gave rise to any medical problem. Because Plaintiff has not alleged any physical injury, the claim must be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: October 5, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Larue County Attorney
4411.010